# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CLARENCE LOVE, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 07 C 5469 |
| v. ) | |
| ) | Senior U.S. District Judge |
| TERRY McCANN, ) | GEORGE W. LINDBERG |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

Petitioner Clarence Love was convicted in the Circuit Court of Cook County, Illinois, of first-degree murder and was sentenced to a 45 year term of imprisonment. Petitioner has filed an application for a writ of habeas corpus in this court pursuant to 28 U.S.C. § 2254. Petitioner has raised four bases for habeas relief in his petition. Petitioner contends that: (1) the post-conviction court erred in dismissing his post-conviction petition outside of a statutory deadline; (2) petitioner's appellate counsel was ineffective for failing to argue that the prosecution knowingly used perjured testimony from a Detective Rolston, and for failing to provide petitioner with a copy of his trial court record; (3) petitioner's Sixth and Fourteenth Amendment rights were violated when the prosecution knowingly used false testimony from Detective Rolston; and (4) petitioner's Fourth Amendment rights were violated when the trial court denied his motion to quash his arrest and suppress evidence gathered pursuant to a warrantless and nonconsensual entry of his home by police officers to make a felony arrest.

Following his conviction and sentence, petitioner filed a notice of appeal. On this direct appeal from his conviction and sentence, petitioner argued only that the trial court erred in

07 C 5469

denying his motion to quash his arrest and suppress evidence when the police made a warrantless and nonconsensual entry into his house to arrest him.  On June 24, 2003, the Appellate Court of Illinois affirmed the judgment of the Circuit Court.  On October 7, 2003, the Supreme Court of Illinois denied the petitioner's petition for leave to appeal.

On January 8, 2004, petitioner filed a *pro se* petition for post-conviction relief pursuant to the Illinois Post-Conviction Hearing Act, 725 Ill. Comp. Stat. 5/122-1, *et seq.*, arguing that:  (1) appellate counsel's assistance was ineffective for fourteen different reasons; (2) petitioner's rights to due process and a fair trial were violated when the trial court allowed Joyce Issom's testimony to stand even though it was erroneous and was contradicted by a pathologist's report; and (3) petitioner's Sixth and Fourteenth Amendment rights were violated because the prosecution knowingly introduced perjured testimony when Detective Rolston testified to being Detective Rose.  The Circuit Court dismissed the post-conviction petition and, on December 4, 2006, the Appellate Court of Illinois affirmed the post-conviction court's judgment.  On March 28, 2007, the Supreme Court of Illinois denied petitioner's petition for leave to appeal from this judgment of the Appellate Court.

Section 2254 of Title 28 of the United States Code circumscribes a federal court's authority to grant habeas corpus relief to prisoners in state custody.  28 U.S.C. § 2254.  A district court may not grant an application for a writ of habeas corpus unless the petitioner has first exhausted state court remedies.  28 U.S.C. § 2254(b)(1)(A).  "This so-called exhaustion-of-state-remedies doctrine serves the interests of federal-state comity by giving states the first opportunity to address and correct alleged violations of a petitioner's federal rights."  *Lieberman v. Thomas*,

2

505 F.3d 665, 669 (7th Cir. 2007). "Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts." *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004) (citing *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)). Fair presentment "contemplates that both the operative facts and the controlling legal principles must be submitted to the state court." *Williams v. Washington*, 59 F.3d 673, 677 (7th Cir. 1995). It also "requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings." *Lewis*, 390 F.3d at 1025 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

With respect to claims for which state court remedies have been exhausted, "[a]n application for a writ of habeas corpus . . . shall not be granted with respect to any claim . . . unless the adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or, (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim." *Lewis*, 390 F.3d at 1026. "This Court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment . . . . This rule applies whether the state

law ground is substantive or procedural." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991) (citations omitted). Even if a petitioner's federal claims are procedurally defaulted, those claims may be adjudicated on the merits if the petitioner "can show cause for the default and prejudice attributable thereto, or demonstrate that failure to consider the federal claim will result in a fundamental miscarriage of justice." *Id.* at 749-50 (internal citations and quotations omitted).

Petitioner's first claim is that he is entitled to habeas corpus relief because the post-conviction court erred when it dismissed petitioner's post-conviction petition outside of the 90-day deadline prescribed by the Illinois Post-Conviction Hearing Act. 725 Ill. Comp. Stat. 5/122-2.1. This dismissal, however, was based on a state statute, and does not in any way implicate federal law. *See* 725 Ill. Comp. Stat. 5/122-2.1, *People v. Brooks*, 851 N.E.2d 59, 64 (Ill. 2006). Thus this claim provides no basis for habeas relief.

In petitioner's second claim, he makes two allegations of ineffective assistance of appellate counsel. First, petitioner contends that counsel was ineffective in failing to argue that the prosecution knowingly used perjured testimony from Detective Rolston; and second, that counsel was ineffective in failing to provide petitioner with a copy of his trial court record. A defendant is guaranteed the effective assistance of counsel on a first appeal as of right, *Evitts v. Lucey*, 469 U.S. 387, 396 (1985), and a claim of ineffective assistance of appellate counsel based on appellate counsel's failure to raise a meritorious issue may be cognizable in a post-conviction proceeding under the Illinois Post-Conviction Hearing Act. *See People v. Coleman*, 660 N.E.2d 919, 927 (Ill. 1995). However, petitioner did not assert these two claims in his post-conviction petition. Therefore, petitioner did not exhaust his state court remedies with respect to these

07 C 5469

claims, and so procedurally defaulted them. See *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), *White v. Godinez*, 192 F.3d 607, 608 (7th. Cir. 1999). Petitioner moreover has not demonstrated any cause for his failure to exhaust these claims in state court. He is therefore not entitled to habeas relief on the basis of his allegations of ineffective assistance of appellate counsel.

Petitioner's third claim is that his Sixth and Fourteenth Amendment rights were violated when the prosecution knowingly used false testimony from Detective Rolston. This claim was first raised in petitioner's post-conviction petition, and the Appellate Court of Illinois ruled that it was waived because petitioner could have raised it on direct appeal from his conviction and sentence. The Appellate Court of Illinois further held this waiver was a proper ground for the post-conviction court to summarily dismiss the post-conviction petition. See *People v. Erikson*, 641 N.E.2d 455, 458 (Ill. 1994). The Appellate Court of Illinois also considered petitioner's argument for relaxing the application of the waiver doctrine in his case, but rejected that argument. Petitioner raised these claims in his petition for leave to appeal to the Illinois Supreme Court, and that petition was denied. Thus, applying the waiver doctrine, Illinois courts considering the matter ruled on the issues raised by the post-conviction petition on state law grounds that were independent of any federal question and were adequate to support the judgment. Therefore, this claim does not entitle petitioner to habeas relief.

Petitioner's fourth claim is that he is entitled to federal habeas relief because the trial court erroneously denied his motion to quash his arrest and suppress evidence when the police entered his home without a warrant or consent to make a felony arrest in violation of the Fourth

5

07 C 5469

and Fourteenth Amendments. Petitioner raised this claim on direct appeal, but the Appellate Court of Illinois affirmed the Circuit Court's judgment. On October 7, 2003, the Supreme Court of Illinois denied petitioner's petition for leave to appeal raising this claim.

Even though petitioner's claim is based on a violation of the Fourth Amendment, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 429 U.S. 465, 495 (1976). In a habeas action, "full and fair" means that a federal court will only uphold petitioner's right to present his Fourth Amendment claims in state court. *See Cabrera v. Hinsley*, 324 F.3d 527, 531-32 (7th Cir. 2003). "Absent a subversion of the hearing process, we will not examine whether the judge got the decision right." Id.

Petitioner exhausted this claim in his direct appeal in the Illinois courts. The trial court heard petitioner's motion to quash arrest and suppress evidence concurrently with petitioner's bench trial; petitioner's appellate counsel argued this claim on direct appeal; and petitioner's petition for leave to appeal to the Supreme Court of Illinois was denied. Petitioner had a full and fair opportunity to present his Fourth Amendment claims in the Illinois courts, and so is not entitled to federal habeas corpus relief on the basis of this claim.

6

07 C 5469

**ORDERED:** Clarence Love's amended petition [9] for a writ of habeas corpus is denied.

**ENTER:**

_____
GEORGE W. LINDBERG
Senior U.S. District Judge

**DATED:** November 20, 2008

7